CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 6 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| STEVEN JAMES ANDERSON,<br>　　Plaintiff, | Civil Action No. 7:11-cv-00580 |
| v. | **MEMORANDUM OPINION** |
| SOUTHWEST REGIONAL JAIL<br>AUTHORITY, DUFFIELD<br>FACILITY, et al.,<br>　　Defendants. | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

Steven James Anderson, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Southwest Regional Jail Authority -- Duffield Facility; Superintendent Steve Clear of the Southwest Regional Jail ("Jail"); Major George Hembree; Dr. Ofodge; Dr. James Abrokwah; Dr. Draper; Dr. McBride; Nurse Beth Jenkins; and Nurse Haynes. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff filed this "medical malpractice" action because he does not believe he receives adequate medical treatment at the Jail. Plaintiff argues that he did not receive proper treatment at the Jail for his injured arm. Plaintiff further argues that Jail officials ignored the advice from a private orthopedic surgeon who recommended that he receive additional diagnostic tests to determine the causes of his problems. Plaintiff alleges the following facts in his Complaint.

Plaintiff injured his right tricep on an unspecified date, reported the injury to the medical department, and told Nurse Jenkins that his tendon tore away from the bone. Nurse Jenkins

should have called a doctor, but she instead said nothing was wrong with his arm, applied a wrap, and sent him back to his cell. Plaintiff's subsequent request to see a doctor was approved.

Plaintiff next met with Dr. Abrokwah, explained how he believed his tendon came off the bone, and complained that his arm was numb for a week. Plaintiff wanted to go to a hospital for evaluation, but Dr. Abrokwah examined plaintiff by measuring the length of his arms and told him to come back if his arm continued to bother him. Dr. Abrokwah soon left the Jail, and plaintiff filed requests to see another doctor for both his arm and a new pain complaint supposedly caused by bullets in his left leg.

Dr. Draper, who followed Dr. Abrokwah as the facility doctor, met with plaintiff and took a report of plaintiff's "medical problems." Dr. Draper allegedly told plaintiff that she could not help him without having "medical paperwork." However, Dr. Draper prescribed him Tylenol, 500 m.g. twice a day, to treat plaintiff's symptoms.

A state court in Scott County, Virginia, ordered the Jail to transport plaintiff to his appointment with an orthopedic surgeon.[1] Jail staff failed to keep this initial appointment and rescheduled it a week later. The rescheduled appointment was set for a date approximately two months after the state court's order. During this two-month interval, plaintiff continued to ask to see a doctor for his complaints. The Jail's medical staff would place plaintiff on the Jail's medical appointment list, but when plaintiff's appointment occurred, "they would change their minds and just say they would review [his] charts and let [him] know something." Plaintiff informed medical staff that his symptoms were worsening and that the Tylenol was not working.

---

[1] Plaintiff does not explain the reason why the state court entered the order and does not allege that the order relates to any civil action about medical treatment.

Dr. Draper examined him and switched his medication from Tylenol to Ibuprofen. Plaintiff is allergic to Ibuprofen, a fact noted in his medical file, and Dr. Draper ordered plaintiff back on Tylenol and indicated that she would research a better alternative to Tylenol. Dr. Draper left the facility before meeting plaintiff again.

On October 25, 2011, plaintiff saw an orthopedic surgeon, who determined that plaintiff needed an MRI of his left knee for the pain related to the bullets and an MRI and nerve test of his right arm. Approximately one week later, plaintiff met Dr. McBride, who replaced Dr. Draper at the Jail. Dr. McBride reviewed the orthopedic surgeon's orders and thought the Jail would not approve them because they cost too much. The Jail has not yet scheduled the requested medical tests. Plaintiff received Codeine because the Tylenol was elevating his liver-test results.[2] Plaintiff told "them" that none of the medicines mitigated the pain.

Plaintiff also names as defendants Dr. Ofodge because he is the head doctor at the Jail and must approve all the other doctors' decisions; Major Hembree because he supervises the Jail's daily routines; and Superintendent Clear because he is responsible for the entire Jail. Plaintiff believes Nurse Jenkins was negligent for initially wrapping his arm instead of allowing him to see a doctor or to go to an emergency room. Plaintiff argues that the doctors' use of pain-killing medication instead of alternative treatments violates a community standard of care. Plaintiff requests unspecified compensatory damages and $7,000,000 in punitive damages.

---

[2] Plaintiff does not specify who ordered the Codeine at what time, but it appears that it was ordered after plaintiff met with Dr. McBride.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Duffield facility of the Southwest Regional Jail Authority is not a "person" subject to § 1983 liability. See, e.g., Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for unconstitutional medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a public official to have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). Non-medical prison employees can be found to have acted with deliberate indifference if they intentionally delay or deny an inmate access to medical care or intentionally interfere with the prescribed treatment. Estelle, 429 U.S. 104-05.

Claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Id. at 105-06. See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee, 797 F.2d at 181-83.

Plaintiff presently fails to state a claim against any defendant. Plaintiff acknowledges that Nurse Jenkins, Dr. Abrokwah, Dr. Draper, and Dr. McBride examined plaintiff and prescribed some treatment, whether physical rest or pain killers. Plaintiff's dissatisfaction with his medical treatment is not, by itself, sufficient to establish an Eighth Amendment claim. Estelle, 429 U.S. at 105. Furthermore, plaintiff cannot proceed against Dr. Ofodge, Major Hembree, and Superintendent Clear merely because they supervise staff at the Jail. A supervisor is not liable via § 1983 for a subordinate's actions or omissions under a theory of respondeat superior. Monell v. Dep't of Soc. Services, 436 U.S. 658, 663 n.7 (1978); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Plaintiff fails to allege any facts about acts taken by Dr. Ofodge, Major Hembree, or Superintendent Clear or that others acted because of policies or customs established by these defendants. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d

1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (finding that § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs). Accordingly, plaintiff fails to state a claim upon which relief may be granted as to Nurse Jenkins, Dr. Abrokwah, Dr. Draper, Dr. McBride, Dr. Ofodge, Major Hembree, and Superintendent Clear.

### III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 6th day of January, 2012.

Senior United States District Judge